UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL J. MCCULLOUGH, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CASE NO. CIV-24-544-R |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT NO. 89 | ) | |
| OF OKLAHOMA CITY, OKLAHOMA, A.K.A. | ) | |
| OKLAHOMA CITY PUBLIC SCHOOLS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## CONSENT DECREE

This matter is before the Court for entry of this decree by consent of the parties to effectuate a compromise and settlement of all claims. After review and consideration, the Court believes the entry of this decree is in the interest of justice.

1. Plaintiff Michael McCullough ("McCullough") commenced the above-entitled action in the United States District Court for the Western District of Oklahoma, alleging that the Defendant Independent School District No. 89 of Oklahoma City, Oklahoma ("OKCPS") violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA"), by discriminatorily failing to renew his employment contract and by failing to re-employ him in the position he would have held had his employment not been interrupted by military service.

2. McCullough and OKCPS (collectively referred to as the "Parties"), as a result of settlement discussions, have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree ("Decree"). It is the intent of the

Parties that this Decree be a final and binding settlement in full disposition of all claims alleged in the Complaint filed in this case.

**STIPULATED FACTS**

3.   Pursuant to USERRA, the parties acknowledge the jurisdiction of the United States District Court for the Western District of Oklahoma over the subject matter of this action and of the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

4.   Venue is proper in this district for purposes of this Decree and any proceedings related to this Decree only. OKCPS agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

**FINDINGS**

5.   Having examined the terms and provisions of the Decree, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of the action and the parties to this action.

   b. The terms and provisions of this Decree are fair, reasonable, and just. The rights of the Parties are protected adequately by this Decree.

   c. This Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of USERRA and other applicable laws and will be in the best interest of the Parties.

**THEREFORE, IT IS ORDERED AS FOLLOWS:**

**NON-ADMISSION**

6. This Decree is being entered with the consent of the Parties and shall not constitute an adjudication or finding on the merits of the case or be construed as an admission by OKCPS of any violations of USERRA, or any other law, rule, or regulation dealing with or in connection with equal employment opportunities.

**NON-DISCRIMINATION & NON-RETALIATION**

7. OKCPS shall not engage in any practice that unlawfully discriminates against any employee or prospective employee because of his or her past or present military service or application to perform military service, assertion of USERRA protections, or exercise of USERRA rights, and shall promptly reemploy returning servicemembers in the position they were reasonably certain to have attained absent uniformed service. OKCPS shall not take any action against any person because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case. In the event that Mr. McCullough becomes employed with OKCPS in the future, OKCPS will not discriminate against him because of his past, present, or future military service or application to perform military service, assertion of USERRA protections, or exercise of USERRA rights.

**REMEDIAL REQUIREMENTS**

8. Within thirty (30) days from the date of entry of this Decree ("Effective Date"), OKCPS shall pay to McCullough a total sum of SIXTY THOUSAND DOLLARS AND ZERO Cents ($60,000.00) (the "Settlement Amount"), subject to the following requirements:

   a. FIFTEEN THOUSAND DOLLARS AND ZERO CENTS ($15,000.00) shall be attributed to lost wages pursuant to 38 U.S.C. § 4323(d)(1)(B), less only any applicable employee-side federal, state, or local taxes and payroll tax withholding deductions, and shall be reported to the IRS on Form W-2. OKCPS shall separately pay all employer contributions due on this settlement payment.

   b. The remaining FORTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($45,000) shall be attributed to other damages in this case, which shall be reported to the IRS on Form 1099-MISC.

   c. OKCPS shall pay the required amounts to McCullough by making a check for the amount attributable to lost wages, and a separate check for the amount attributable to other damages, available at Defendant's Counsel's office which McCullough may pick up, and acknowledge receipt of, between 8:00 a.m. and 5:00 p.m., Monday through Friday. OKCPS shall provide documentary evidence of having paid McCullough to the United States Department of Justice, as McCullough's counsel in this matter.

   d. McCullough agrees he is responsible for paying any applicable taxes on the Settlement Amount to the U.S. Treasury and any state or local tax authorities.

9. Within thirty (30) days of the Effective Date, OKCPS will submit to the Department of Justice for review, comment, and editing OKCPS's existing policies and procedures, as well as proposed training materials relating to prevention of violations of USERRA for all OKCPS's Principals, Assistant Principals, Human Resources staff, and

Executive Directors and above, as well as any existing OKCPS policies, procedures, and training materials intended to make OKCPS employees aware of their rights and protections under USERRA pursuant to OKCPS's general non-discrimination training. The policies, procedures, and training materials shall be consistent with the U.S. Department of Labor, Veterans' Employment & Training Service's ("VETS") USERRA Guide. *See* VETS, A Guide to the Uniformed Services Employment and Reemployment Rights Act, available at https://www.dol.gov/agencies/vets/programs/userra/USERRA-Pocket-Guide.

10. Within thirty (30) days of OKCPS's submission to the Department of Justice of OKCPS's existing and proposed policies, procedures, and training materials pursuant to Paragraph 9 above, the Department of Justice shall provide feedback, comments, edits, or statement of non-objection to OKCPS's policies, procedures, and training materials. If OKCPS does not agree with any feedback or revisions provided by the Department of Justice, the Parties will meet and confer to attempt to reach an agreement. If the Parties fail to reach an agreement within thirty (30) days from the Department of Justice's submission of feedback, the Parties may submit the dispute to the Court in accordance with the dispute resolution provisions set forth in Paragraph 18 of this Decree.

11. Within sixty (60) days of the Department of Justice non-objections to OKCPS's policies, procedures, and training materials pursuant to Paragraph 10, above (or the resolution of any related dispute, if the Parties do not agree), OKCPS shall present any policy changes agreed to by the Parties to its Board of Education for approval and, within sixty (60) days of the approval by OKCPS's Board of Education, shall provide certification that it has disseminated the agreed-upon policies and procedures regarding OKCPS

employees' rights and protections under USERRA, as well as the agreed-upon policies and procedures relating to prevention of violations of USERRA to all employees by posting them on the OKCPS website's policies section. Within ninety (90) days of approval of any policy changes by OKCPS's Board of Education, OKCPS shall provide certification that it has completed training on said policies and procedures for all OKCPS's Principals, Assistant Principals, Human Resources staff, and Executive Directors and above. During the duration of this decree, OKCPS will re-train all such employees on an annual basis and certify to the Department of Justice that such training has occurred within thirty (30) days from the training dates.

13. To the extent OKCPS currently provides equal employment opportunity (EEO) and/or other employees' rights training to its employees, OKCPS will incorporate the agreed-upon training on employees' rights and protections under USERRA into such training.

14. Within thirty (30) days from the Effective Date, OKCPS shall post a U.S. Department of Labor "YOUR RIGHTS UNDER USERRA" notice or a comparable notice poster approved by the Department of Justice, in a prominent place or places frequented by its employees regarding its intent to comply with USERRA; advising its employees of their rights to reemployment after military leave, to complain about or oppose discrimination based on military status, and to be free from retaliation; and advising its employees of their right to contact federal and state anti-discrimination agencies. The notice shall be posted in appropriate locations in OKCPS's workspace in the same manner as other mandatory EEO notices.

Upon posting of the notice, OKCPS shall notify the United States of its compliance with paragraph 13 above.

15. For a period of twenty-four (24) months after the Effective Date of this Decree OKCPS shall send quarterly reports to the United States. The first report is due ninety (90) days after the Effective Date of this Decree, with a report due every ninety (90) days thereafter until the dissolution of this Decree. Such reports may be delivered via e-mail to the Department of Justice individuals identified in paragraph 20 below. In the report, OKCPS shall provide:

   a. copies of requests for military leave and/or reemployment, if any, and OKCPS's responses to such requests;

   b. copies of any written complaint (or notes related to any oral complaint) of discrimination based on military service or of retaliation related to complaint, received by OKCPS from an employee or applicant;

   c. copies of all documents relating to investigation and resolution of such complaint by OKCPS;

   d. the date of receipt of such complaint by OKCPS, together with the dates of investigation and resolution of the complaint, including the dates of any action taken by OKCPS in response to the complaint;

   e. a statement of the results of the investigation of such complaint, including any findings or conclusions made and any actions taken by OKCPS to resolve the complaint; and

  f. the identity of any and all supervisors or administrators who received the complaint, conducted the investigation, made findings or determined or enforced the action to be taken in response to the complaint.

16. If McCullough, or any prospective employer of McCullough, seeks a reference from OKCPS, it must be addressed to Dana Leach, or the then-current Director of Human Resources. Upon receipt of such request by Dana Leach or the then-current Director of Human Resources, they will respond with dates of employment, position held, and hourly rate, and will provide no other information. If a reference request is addressed to anyone other than the Director of Human Resources, OKCPS is not responsible for the response.

**RELEASE OF CLAIMS**

17. For and in consideration of the relief being provided to him as described in Paragraph 8 of this Decree, McCullough forever releases and discharges OKCPS (including any and all of its current, former and future officers, directors, employees, agents, attorneys, and all their predecessors and successors in interest) from liability for all claims alleged in the Complaint filed in the above-captioned civil action and Department of Labor Charge No. OK-2023-00004-60-R that have accrued prior to the date of this Decree. This release and discharge is subject only to OKCPS's compliance with the terms of this Decree.

**DISPUTE RESOLUTION & COMPLIANCE**

18. This Court shall retain jurisdiction over this matter and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either

party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The Parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking a resolution of such dispute by the Court. In the event of a dispute, the Parties shall give notice to each other ten (10) business days before moving for review by the Court. The Parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Decree or defending against a claim of non-compliance.

**MISCELLANEOUS**

19. OKCPS shall retain all records necessary to comply with this Decree and shall furnish any additional records and documents relevant to its compliance with the implementation of this Decree to the United States within thirty (30) days of any written request to OKCPS's counsel.

20. All correspondence to the Department of Justice pursuant to this Decree shall be sent by e-mail to:

> Robert L. Galbreath
> 
> Kathleen O. Lawrence
> 
> United States Department of Justice
> 
> Civil Rights Division
> 
> Employment Litigation Section – 4CON
> 
> 950 Pennsylvania Ave, NW
> 
> Washington, D.C. 20530
> 
> Robert.Galbreath@usdoj.gov

Kathleen.Lawrence@usdoj.gov

and

Emily B. Fagan

United States Attorney's Office

Western District of Oklahoma

210 Park Ave., Suite 400

Oklahoma City, OK 73102

Emily.Fagan@usdoj.gov

21. All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

22. This Decree constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted in this action. This Court retains jurisdiction over this matter, however, for the purpose of entering appropriate orders enforcing this Decree.

23. The terms of this Decree shall be binding upon the present and future officers, employees, agents, administrators, successors, representatives, and assigns of OKCPS and upon the heirs, successors, and assigns of McCullough.

24. This Decree constitutes the entire agreement and commitments of the Parties. Any modification to this Decree must be mutually agreed upon and memorialized in a writing by all Parties.

**EFFECTIVE DATE**

25. The Effective Date of this Decree shall be the date upon which it is entered by the Court.

26. This Decree shall expire, and this action shall be dismissed without further order of the Court, twenty-four months from the date of entry.

**IT IS SO ORDERED** this 6th day of February, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE